Lawrence E. Kahn, S.
In this proceeding to determine the validity of a claim the parties have stipulated and agreed in open court that a hearing shall be waived and that this matter be submitted to the court on papers and affidavits in lieu of a hearing. The parties have also stipulated and agreed that there are no issues of fact to be resolved and that the interpretation of the pertinent provisions of a certain agreement executed between the claimant and the decedent, is a question of law to be resolved by the court. The claimant asserts a right, title and interest in and to certain real property pursuant to the provisions of the aforementioned agreement.
The claimant, William H. Battisto, lived with the decedent for over 30 years prior to the execution of an agreement between them on January 17, 1962. Though the parties were never legally married, they did live together as man and wife for some 30 years. Said agreement was executed to settle the property rights between them at the time of their decision to live apart. The very first paragraph of said agreement states that the claimant shall execute a deed to certain premises, 3 Carroll Street, Albany, New York to the decedent, "thereby conveying to her all the right, title and interest in and to said premise.” Paragraph 2 of said agreement states that the claimant shall pay to the decedent certain moneys which would constitute the mortgage payments for said premise. The third paragraph of said agreement states that the decedent shall retain any and all rents that may be paid to her from *992 the rental of an apartment in said premise and that the claimant shall make no claim for said rents. The next paragraph 4 of said agreement, is the crucial provision in this proceeding and raises the threshold issue to be resolved by the court. That paragraph states that "in the event the said Anna Battisto (decedent) shall sell and convey (emphasis added) this subject premise, after sale the said Anna Battisto shall pay to the said William H. Battisto (claimant herein) 50% of the net proceeds of said sale, in consideration for same being recognition by Anna Battisto of monies invested by William H. Battisto in the premises during the period that they lived together herein.” The last provision of said agreement, paragraph 5 provides that the parties shall separate from one another and neither shall have any claim against the other and that the terms of the agreement shall represent the complete and final understanding between the parties and finally that "this instrument contains the complete agreement by and between the said parties.”
The claimant asserts that he is entitled to 50% of the net proceeds of the said real property in that said interest became vested in him upon the death of the said Anna Battisto. The court is asked to interpret paragraph 4 and in particular the words "sell and convey”, to also include the descent and distribution of said property by reason of the intestate death of the said Anna Battisto.
In interpreting this agreement, the court must construe the intent of the parties as expressed therein. If there is no ambiguity, then the court’s determination must follow the plain and clear language used to express the parties’ wishes. In this agreement, it is clear that the claimant conveyed all of his right, title and interest in and to the said premise to the decedent herein. This was done in paragraph 1 of said agreement without any conditions to limit the conveyance of this property. As to the subsequent paragraphs of the agreement which relate to said property, they in no way take away from or diminish the absolute fee conveyed by claimant to decedent. As to paragraph 4, it is clear that this particular provision relates solely to the contingency of a sale and conveyance of said premises by decedent. There is no language which would indicate a wider interpretation to include the descent and distribution of said property by the intestate death of decedent. The language clearly states that "in the event the said Anna Battisto shall sell and convey the subject premise”, then *993 in that event the claimant would be entitled to 50% of the "net proceeds of said sale.”
This is certainly not a sale. The question is, does the transfer through intestacy constitute a conveyance? As defined in subdivision 2 of section 240 of the Real Property Law:
"2. The term 'conveyance,’ as used in this article, includes every instrument, in writing, except a will, by which any estate or interest in real property is created, transferred, assigned or surrendered.”
Such definition does not contemplate the passing of real property by intestacy. Further, section 290 of the Real Property Law which defines the term conveyance for the purpose of recording instruments affecting real property states that:
"3. The term 'conveyance’ includes every written instrument, by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected, including an instrument in execution of a power, although the power be one of revocation only, and an instrument postponing or subordinating a mortgage lien; except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands, and an instrument containing a power to convey real property as the agent or attorney for the owner of such property.”
Again, the definition does not contemplate the passing of real property by intestacy.
It should be pointed out that an incongruous result would occur if a will devising real property was not deemed to be a conveyance, while the passing of real property in intestacy was. Accordingly, the descent and distribution of said property by intestacy is not a conveyance within the terms of the agreement. Since the decedent did not sell and convey her interest in and to said premise, prior to her death almost 15 years subsequent to the signing of this agreement, claimant has no right, title or interest in and to said property. In fact, said premises still remain unsold and there has been no realization of "net proceeds”. The court cannot interpret this agreement in a manner which would effectuate the creation of a sale and conveyance of the subject property. And it is equally clear that no such intention was expressed by the parties in their agreement. This court cannot now some 15 years following the signing of this instrument, change the terms of the agreement or widen the meaning of the words *994 "sell and convey” to include the descent and distribution of said property by the intestate death of decedent.
Accordingly, the claim of the said William H. Battisto against the estate of the said Anna Slavik Geiser is hereby dismissed.